Patrick Anthony **REYNOLDS,**
Petitioner–Appellant,

v.

**UNITED STATES DEPARTMENT OF JUSTICE IMMIGRATION AND NATURALIZATION SERVICE, Respondent–Appellee.**

No. 88–3313.

United States Court of Appeals,
Eleventh Circuit.

May 26, 1988.

Jeffry A. Mulrain, Jacksonville, Fla., for petitioner-appellant.

Donald Couvillon, U.S. Dept. of Justice, Washington, D.C., for respondent-appellee.

Petition for Review from the Board of Immigration and Naturalization.

Before HILL and FAY, Circuit Judges.

BY THE COURT:

Petitioner Alien, Patrick Anthony Reynolds, was ordered deported from the United States due to his failure to attend a scheduled hearing of deportation held on January 25, 1988. He did not appeal this order of deportation. According to petitioner, neither he nor his attorney received notice of the January 25 hearing until they were notified in late March, 1988 that petitioner had been deported and should surrender for deportation on March 30, 1988. Consequently, petitioner claims that he was unable to appeal the order of deportation to the Board of Immigration Appeals (BIA) within the prescribed time limit.[1]

On March 26, 1988, Petitioner filed a Motion to Re–Open Deportation with the Immigration and Naturalization Service (INS), on the grounds that neither he nor his attorney received notice of the January 25, 1988 deportation hearing. That motion was denied on March 29, 1988. In denying the motion to reopen, the immigration judge noted that petitioner is deportable based upon both his failure to present himself for inspection when he entered the United States in 1974, and his 1986 convic-

tion for possession of cannabis. The judge further noted that petitioner has two additional convictions for possession of a controlled substance, making him ineligible for relief from deportation such as suspension or voluntary departure, and he is not eligible to adjust his status due to his illegal manner of entry into the United States. Petitioner subsequently filed a Notice of Appeal of this decision with the BIA. That appeal has not been adjudicated by the BIA. Petitioner argues that he is entitled to an adjudication of his claim, which is for a Waiver of Deportation as an extreme hardship based upon his marriage to a U.S. citizen with two U.S. citizen children.

Petitioner was arrested for deportation on April 27, 1988. Petitioner telephonically presented an emergency oral motion to the BIA, requesting that his deportation be stayed until such time as his appeal could be heard by the BIA. That motion was denied on April 28, 1988. Petitioner then petitioned this court for judicial review of the BIA's denial of his emergency motion, and moved for a stay of his deportation order pending his appeal before the BIA. The motion was granted to the extent that petitioner's deportation order was stayed until further order of this court, and the INS was ordered to file a response to the motion for stay within seven days.

The INS filed its response on May 3, 1988, in which it presents a motion to dismiss the petition for review and withdraw the stay order. In reply, petitioner urges that the stay be continued pending the resolution of his appeal before the BIA.

Judicial review of a final order of deportation is provided by 8 U.S.C. section 1105a(a). However, 8 U.S.C. section 1105a(c) requires exhaustion of administrative remedies before judicial review is available. Section 3.37 of 8 C.F.R. provides that a decision of an immigration judge "becomes final upon waiver of appeal or upon expiration of the time to appeal if no appeal is taken," unless the decision is certified to

---

1. Petitioner in his reply states that the time limit is fifteen days. According to 8 C.F.R. section 242.21(a), the time limit is ten days, though an additional three days is allowed where service of the decision is made by mail. Either way, the alleged lack of notice to petitioner would have prevented his timely filing his Notice of Appeal of the order of deportation.

**1290**

the BIA. 8 C.F.R. § 3.37. Sections 3.1(b)(2) and 242.21 of 8 C.F.R. provide that appeals from deportation hearings are heard by the BIA; the BIA's decision is reviewable in this court. *See Foti v. INS,* 375 U.S. 217, 229, 84 S.Ct. 306, 313–14, 11 L.Ed.2d 281 (1963). Here, the petitioner has appealed the denial of an emergency request for a stay of deportation, not a final order of deportation; this court therefore lacks jurisdiction. The only "final order of deportation" which might be judicially reviewable here is the January 29, 1988 order of the immigration court, which became final when the time to appeal to the BIA expired. 8 C.F.R. § 3.37. The question whether this court might entertain an appeal from that order is not before us, so we need not answer it at this time.

We note further that, while petitioner claims that he failed to receive notice of the hearing held on January 29, 1988, he does not claim that the INS failed to comply with applicable procedural requirements for giving notice. In denying the motion to reopen on March 29, 1988, the immigration judge found that notice of the January hearing was sent to petitioner's current address on September 24, 1987. We are not aware of any reason that this procedure was deficient.

It appearing that this court has no jurisdiction of the attempted appeal, it is hereby ORDERED that:

(1) The stay of deportation hereinbefore entered is VACATED.

(2) The petition for review is DISMISSED for lack of jurisdiction.